IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES VIRGIN ISLANDS  :  CIVIL ACTION
DEPARTMENT OF PLANNING         :
AND NATURAL RESOURCES          :
                               :
          v.                   :
                               :
ST. CROIX RENAISSANCE GROUP,   :
LLLP, et al.                   :  NO. 07-114

MEMORANDUM

Bartle, C.J.                                    January 28, 2011

          The plaintiff United States Virgin Islands Department
of Planning and Natural Resources has sued defendants for past
and future response costs under Comprehensive Environmental
Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C.
§§ 9601-9675.  Plaintiff seeks to recover costs for releases or
threatened releases of hazardous substances from the former
alumina refinery in Kingshill, St. Croix, in the United States
Virgin Islands.  It also requests a declaration setting forth the
liability of each defendant as to past and future response costs
for the oversight and performance of testing, investigation,
removal, and remediation of hazardous substance releases from the
alumina refinery property.

          Defendant St. Croix Renaissance Group ("SCRG") has
moved for partial summary judgment insofar as plaintiff seeks
"implementation of a plan for CERCLA remedial activities."  SCRG
argues that plaintiff does not have standing to obtain such

relief.  It is SCRG's position that plaintiff is in effect asking for an injunction approving and implementing a remedial plan developed by plaintiff when only the Federal Government is authorized under CERCLA to do so.  See 42 U.S.C. § 9621(e)(2), (f); see also State of Colorado v. Idorado Mining Co., 916 F.2d 1486, 1489-98 (10th Cir. 1990), cert. denied 499 U.S. 960 (1991); Rockaway v. Klockner & Klockner, 811 F. Supp. 1039, 1046-47 (D.N.J. 1993).  To support its argument that plaintiff has no standing, SCRG relies on Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167 (2000).  For standing to exist, a plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 180-81.

Plaintiff denies that it is seeking approval or implementation of such a plan.  The First Amended Complaint contains no reference to an injunction.  In contrast, plaintiff maintains that its prayer for relief simply asks for past response costs and a declaration of liability for future response costs.  Plaintiff acknowledges that defendants will always have the right to challenge whether plaintiff is entitled to the amount of future response costs plaintiff seeks and whether the alleged costs are consistent with the National Contingency Plan.

See U.S. v. USX Corp., 68 F.3d 811, 819 (3d Cir. 1995); Kelley v. E.I. DuPont de Nemours & Co., 17 F.3d 836, 845 (6th Cir. 1994).

Plaintiff has shown it meets the criteria for standing under Friends of the Earth and thus can pursue this action. Under CERCLA, plaintiff may seek to recover past response costs and a declaration of liability as urged in its pleading.  See 42 U.S.C. §§ 9607(a)(4)(A), 9613(g)(2); USX Corp., 69 F.3d at 819. Plaintiff, we emphasize, has represented that it is not seeking to have the court implement a remedial plan and is not seeking injunctive relief.

The motion of defendant St. Croix Renaissance Group for partial summary judgment will be denied.